Matthew W. Ruan (SBN 264409)
**JUSTICE JAGHER**
**LONDON & MILLEN LLC**
100 Tri-State International Drive, Suite 128
Lincolnshire, IL 60069
Tel: (224) 632-4500
mruan@jjlmlaw.com

*Attorney for Plaintiff Pascual and the Proposed Class*
*[additional counsel on signature page]*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| KARL KAHN, individually and on behalf of all others similarly situated, and on behalf of the general public<br><br>Plaintiff,<br><br>v.<br><br>ANTHROPIC, PBC<br><br>Defendant. | Case No. 3:26-CV-05763-AGT<br><br>**PLAINTIFFS' JOINT RESPONSE IN OPPOSITION TO KARL KAHN'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIV. L.R. 3-12**<br><br>Dept: Courtroom A – 15th Floor<br>Judge: Honorable Alex G. Tse |
| ISABELO PASCUAL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANTHROPIC, PBC<br><br>Defendant | Case No. 4:26-CV-07699-KAW<br><br>Judge: Honorable Kandis A. Westmore |
| MONEAL PATEL and LAUREN MORGAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANTHROPIC, PBC<br><br>Defendant | Case No. 3:26-cv-07837-AGT<br><br>Judge: Honorable Alex G. Tse |

Plaintiffs' Joint Response in Opposition to Karl Kahn's Administrative Motion
CASE NO. 3:26-CV-05763-AGT

Plaintiff Isabelo Pascual in *Pascual v. Anthropic, PBC*, No. 4:26-cv-07699-KAW (the "Pascual Action") and Plaintiffs Moneal Patel and Lauren Morgan in *Patel v. Anthropic, PBC*, No. 3:26-cv-07837-AGT (the "Patel Action") (collectively, the "Plaintiffs"), respectfully oppose Karl Kahn's Motion to Relate the Patel and Pascual Actions with *Kahn v. Anthropic PBC*, No. 3:26-cv-05763-AGT (the "Kahn Action"), ECF No. 12 ("Kahn Motion").[1]

## I.   **INTRODUCTION**

Kahn's Motion glosses over the materially different conduct challenged in these actions and instead relies on the fact that they involve the same defendant and some of the same Claude subscription products. But L.R. 3-12 requires that the cases concern "substantially the same parties, property, transaction, or event," and separate adjudication must create a likelihood of "unduly burdensome duplication of labor and expense or conflicting results." Civ. L.R. 3-12(a). Courts in this District have repeatedly declined to relate cases that share a defendant or common factual backdrop but allege different conduct underlying the claims. *See, e.g.*, *Tecson v. Lyft, Inc.*, 2019 WL 1903263, at *3–4 (N.D. Cal. Apr. 29, 2019); *Ortiz v. CVS Caremark Corp.*, 2013 WL 12175002, at *2 (N.D. Cal. Oct. 15, 2013); *Nozolino v. Hartford Life & Accident Ins. Co.*, 2013 WL 2468350, at *1 (N.D. Cal. June 7, 2013).

That is exactly the situation here. Kahn challenges Defendant, Anthropic PBC's ("Anthropic") *marketing* of the Max 5x and Max 20x plans. The Patel and Pascual Actions challenge Anthropic's specific backend changes and the resulting degradation in service. In other words, Kahn asks whether Anthropic truthfully described what Max subscribers were buying, while Patel and Pascual ask whether Anthropic subsequently degraded the service subscribers had already bought. Thus, relation is improper under L.R. 3-12 and the Court should DENY Khan's Motion.

## II.   **PROCEDURAL BACKGROUND**

Plaintiff Karl Kahn commenced the Kahn Action on June 14, 2026, and filed the operative Amended Complaint on July 21, 2026. Kahn Action Docket, ECF No. 20 ("Kahn FAC"). Plaintiff Isabelo Pascual commenced the Pascual Action on July 24, 2026. ECF No. 1 ("Pascual Compl.").

---

[1] Unless otherwise indicated all "ECF No." references are to the Pascual Action docket.

1

Plaintiffs Moneal Patel and Lauren Morgan commenced the Patel Action on July 28, 2026. Patel Action Docket, ECF No. 1 ("Patel Compl."). No motion to dismiss has been filed in any of the actions, and none has progressed beyond the initial pleading stage.

Anthropic filed an Administrative Motion to consider whether the Patel and Pascual Actions should be related pursuant to Civil Local Rule 3-12. ECF No. 11. Plaintiffs filed a joint response on August 11, 2026 (ECF No. 11) agreeing that the Patel and Pascual Actions are related. *See* ECF No. 11, at 2. Plaintiffs' agreement that the Patel and Pascual Actions should be related, however, does not extend to the Kahn Action for the reasons described below.

Anthropic also filed an opposition to Kahn's Motion agreeing that relation is not warranted between Kahn and the pascual and Patel Actions. See ECF No. 14

## III.   ARGUMENT

### A.   The Kahn and Patel/Pascual Actions Challenge Fundamentally Different Transactions and Events.

Kahn attempts to bridge the gap between itself and the Patel and Pascual Actions by emphasizing their superficial overlap in defendant and products at issue (Kahn Motion at 3), but the differences between the cases are stark.

Kahn expressly alleges that he "brings this action for Anthropic's *misleading and deceptive marketing* of its Claude Max subscription plans." Kahn FAC ¶ 1 (emphasis added). The alleged deception is that Anthropic markets Max 5x as providing five times the usage of Pro, markets Max 20x as providing twenty times the usage of Pro, and promotes Max 20x as offering a 50% savings, when the plans allegedly deliver materially less. *Id.* ¶¶ 5–8, 25–28. Kahn's operative-facts section is accordingly organized around how Anthropic "Markets the Max 5x and Max 20x Plans as Offering Five and Twenty Times More Usage than a Pro Account," and the complaint repeatedly alleges a mismatch between those advertisements and the usage actually provided. *Id.* ¶¶ 18–47.

The Patel and Pascual complaints, by contrast, target Anthropic's retention of subscription fees while "backend changes and production defects" materially impaired subscribers' practical access to Claude. Patel Compl. ¶¶ 1, 5–9; Pascual Compl. ¶¶ 1, 5–9. The challenged events are precisely identified. On March 4, 2026, Anthropic changed Claude Code's default reasoning effort

2

from high to medium, allegedly reducing intelligence. Patel Compl. ¶ 43; Pascual Compl. ¶ 42. On March 26, Anthropic deployed a caching and context-management change that allegedly caused Claude to discard prior reasoning, repeat work, experience cache misses, and deplete usage faster than expected. Patel Compl. ¶ 44; Pascual Compl. ¶ 43. On April 16, Anthropic introduced a system-prompt change that impaired coding quality. Patel Compl. ¶ 45; Pascual Compl. ¶ 44. And during this same period, Anthropic imposed a peak-hour capacity reduction that caused paid subscribers to move through their five-hour session limits more rapidly. Patel Compl. ¶¶ 35–41; Pascual Compl. ¶¶ 34–40. The distinction is straightforward: Kahn concerns the Anthropic's marketing, while Patel and Pascual concern specific backend changes that degraded subscribers' service.

The differences in class composition and class period further demonstrate that the actions should not be related. Kahn proposes a class of Max 5x and Max 20x subscribers from April 9, 2025 to the present. Kahn FAC ¶¶ 82–83. Patel and Pascual encompass Pro and Max subscribers, but only those who *used* their subscriptions during the much shorter alleged degradation period of March 4 through May 6, 2026. Patel Compl. ¶¶ 75–76; Pascual Compl. ¶¶ 64–65.[2] That some Max subscribers may straddle both classes does not satisfy Rule 3-12. *See Ortiz*, 2013 WL 12175002, at *2 ("the limited overlap of some class members is not enough" under L.R. 3-12).

It also weighs against relation the fact that Patel and Pascual have brought a targeted action against Anthropic. *Jackson v. City & County of San Francisco*, 2010 WL 11582918, at *1 (N.D. Cal. Dec. 16, 2010), is instructive in this respect. There, the court emphasized, in analyzing consolidation under Rule 42, that it would be unfair to force plaintiffs in a narrowly focused action "to be involved in an action of a much broader scope than the one they chose to initiate." *Id.* Patel and Pascual's discrete challenges to backend events occurring over an approximately two-month period should accordingly not be swept into Kahn's broader marketing case.

Courts in this District have repeatedly declined to relate cases that, although having superficial similarities, allege different underlying conduct. For example, in *Ortiz* even though both

---

[2] Indeed, Plaintiffs Patel, Morgan, and Pascual are Pro subscribers—which, as Kahn concedes, is the very subscription tier excluded from Kahn's proposed class. Patel Compl. ¶¶ 20–21, 55, 65; Pascual Compl. ¶¶ 20, 54; Kahn Motion at 3.

3

Plaintiffs' Joint Response in Opposition to Karl Kahn's Administrative Motion
Case No. 3:26-CV-05763-AGT

putative class actions were brought against a common defendant, both asserted wage-and-hour claims involving unpaid off-the-clock work, and some employees could fall within both proposed classes, the court still denied relation because the "backbone" of the narrower action was absent from the broader case. 2013 WL 12175002, at *2. The same is true here. Even as amended, Kahn does not allege that the backend changes challenged by Pascual and Patel form any part of his claims. Those alleged changes are not merely additional facts supporting the same theory; they are distinct conduct underlying distinct claims. Thus, apart from their shared connection to Anthropic's Claude subscription products, the Kahn Action does not concern substantially the same transactions or events alleged in the Patel and Pascual Actions. *See Nozolino*, 2013 WL 2468350, at *1 ( (holding that common ERISA claims against the same defendant were insufficient to establish relatedness); *Tecson*, 2019 WL 1903263, at *3 (holding that although both actions alleged TCPA violations against Lyft arising from nonconsensual text messages, differing factual inquiries and underlying transactions defeated substantial similarity).

Kahn's reliance on *Pepper v. Apple Inc.*, 2019 WL 4783951 (N.D. Cal. Aug. 22, 2019), is misplaced. *See* Kahn Motion at 4. The actions in *Pepper* were related because they challenged the same alleged course of conduct: Apple's anticompetitive monopolization of the distribution and sale of iPhone applications. The court emphasized that the plaintiffs' respective dealings with Apple arose from the same "technology and economic structures" and were "underlined by the same operative facts." *Id.* at *1. The common factual core in *Pepper* is absent here. Kahn challenges Anthropic's representations concerning the Max subscription and whether subscribers received the usage and benefits allegedly promised. Patel and Pascual, by contrast, challenge discrete backend changes implemented during March through May 2026 that allegedly degraded the performance and functionality of paid Claude subscriptions.

### B. Separate Proceedings Will Not Result in Unduly Burdensome Duplication or Conflicting Results.

Kahn's argument as to L.R. 3-12's second requirement, boils down to simply stating that there is a risk of conflicting results because the actions assert some of the same causes of action. Kahn Motion at 4-5.

Plaintiffs' Joint Response in Opposition to Karl Kahn's Administrative Motion
Case No. 3:26-CV-05763-AGT

Kahn's again cites on *Pepper* (*see* Kahn Motion at 4–5), but there the court found a genuine risk of conflicting injunctive relief and unnecessary duplication of judicial effort because discovery and motion practice would be "inextricably tied" to understanding the same technology, platform markets, and transactions. *Pepper*, 2019 WL 4783951, at \*1. Here, the core discovery required in each case follows the distinct conduct challenged in each action. Kahn will ostensibly require evidence concerning Anthropic's development and substantiation of its marketing of Max. Patel and Pascual, by contrast, will require technical evidence concerning the specific backend changes implemented during March through May 2026. While some background evidence—such as subscription terms or general descriptions of the paid plans—may be the same, that incidental overlap is not the "unduly burdensome duplication of labor and expense." *See Ortiz*, 2013 WL 12175002, at \*2 (finding that some coordinated discovery and factual overlap were insufficient to establish undue duplication). Importantly, Anthropic (the party on whom any purported burden would rest) agrees that the overlap would not result in an unduly burdensome duplication of labor and expense. *See* ECF No. 14 at 3.

Nor has Kahn shown a meaningful risk of conflicting results. That the actions assert some of the same statutes does not mean different judges will decide the same factual or legal issue. Resolution of whether Anthropic's 5x, 20x, or 50%-savings representations were deceptive will not determine whether its March–May 2026 backend changes unlawfully degraded paid service. *Ortiz* is again instructive: although the court acknowledged a "remote possibility" of inconsistent results, it denied relation because adjudication of the narrower theory would not affect the broader action's remaining theories. 2013 WL 12175002, at \*2. The same is true here.[3]

## IV.    CONCLUSION

For these reasons, Kahn not met the requirements of L.R. 3-12. Therefore, the Motion should be DENIED.

---

[3] On injunctive relief, unlike in *Pepper*, where the requested injunctions addressed the same alleged monopolistic structure, the relief here tracks the specific conduct alleged: Kahn seeks to stop allegedly deceptive Max usage and savings representations (Kahn FAC ¶¶ 115–19), while Patel and Pascual seek disclosures and remediation concerning changes to usage allocation and degradation of service. *See* Patel Compl. ¶ 128(e); Pascual Compl. ¶ 117(e).

Plaintiffs' Joint Response in Opposition to Karl Kahn's Administrative Motion
Case No. 3:26-CV-05763-AGT

Dated:  August 12, 2026

/s/ Matthew W. Ruan
Matthew W. Ruan (SBN 264409)
Jonathan M. Jagher (pro hac vice forthcoming)
Nicholas R. Lange (pro hac vice forthcoming)
**JUSTICE JAGHER**
**LONDON & MILLEN LLC**
100 Tri-State International Drive, Suite 128
Lincolnshire, IL 60069
Tel: (224) 632-4500
mruan@jjlmlaw.com
jjagher@jjlmlaw.com
nlange@jjlmlaw.com

Katrina Carroll (pro hac vice forthcoming)
**CARROLL SHAMBERG LLC**
111 W. Washington Street Suite 1240
Chicago, IL 60602
Tel: (872) 215-6205
katrina@csclassactions.com

*Attorneys for Plaintiff Pascual and the Proposed Class*

William J. Edelman (SBN 285177)
**MILBERG, PLLC**
280 S. Beverly Drive-Penthouse
Beverly Hills, CA 90212
Tel: (771) 474-1121
wedelman@milberg.com

Michael A. Acciavatti (pro hac vice forthcoming)
**MILBERG, PLLC**
405 East 50th Street
New York, NY 10022
Tel: (212) 594-5300
macciavatti@milberg.com

*Attorneys for Plaintiffs Patel and Morgan and the Proposed Class*

6

Plaintiffs' Joint Response in Opposition to Karl Kahn's Administrative Motion
Case No. 3:26-CV-05763-AGT